UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2018 FEB 28 ⊐ 3: 58

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| Heather Lindsay, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, BENDETT & | ) |
| McHUGH, P.C. ADAM BENDETT, ESQ. | ) |
| JEFFREY KNICKERBOCKER, et. al., | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

Case No. _____

VERIFICATION

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under Title 28 U.S.C. §§ 1331, 1337, 1343(a) (Civil Rights and Elective Franchise), and 1367(a) (Supplemental Jurisdiction);

2. Title 42 U.S.C §§ 1983 (Deprivation of Rights Under Color of Law), 1985(3) (Conspiracy to Interfere with Civil Rights), 1986 and 1988 (Proceedings in vindication of Civil Rights); and

3. Jurisdiction of the Court for the pendent claims is authorized by FRCP Rule 1 and arises under the Doctrine of Pendent Jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## PARTIES

4. Plaintiff, Heather Lindsay, (hereinafter, "Plaintiff") is a Proper Party Natural Person to this Complaint that resides at 81 High Clear Drive, Stamford, CT 06905.

5. Defendant, BANK OF AMERICA, hereinafter "Bank of America", is a Proper Party Corporation registered under the laws of the United States and doing business located at 100 Tryon Street, Charlotte, N.C. 28255.

6. Defendant, BENDETT & McHUGH, P.C., hereinafter "Attorney/Agents", a Proper Party Corporation organized and existing under the laws of the United States, acting on behalf of Defendant Bank of America, 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

7. Defendant, Adam Bendett, Esq., hereinafter "Attorney/Agent", is a Proper Party Debt Collector, a Connecticut State BAR appointed Attorney under the auspices of the Judiciary of of the State of Connecticut, doing business located at 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

8. Defendant, Jeffrey Knickerbocker, Esq. "Attorney/Agent", is a Proper Party Debt Collector, a Connecticut State BAR appointed Attorney under the auspices of the Judiciary of of the State of Connecticut, doing business located at 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

## STATEMENT OF FACTS
## AND CAUSES OF ACTION

9. Plaintiff, Heather Lindsay (hereinafter Plaintiff), hereby submits this Amended Complaint to better qualify the jurisdiction of the Court and causes of action giving rise to my grievances according to the 1st Amendment of the United States Constitution and to more effectively clarify the claims that gave rise to my Cause of Action for which I believe justifies the validity of my damages and entitles me to the relief I am seeking.

10. The incontrovertible self authenticating evidence appertaining to the fraudulent foreclosure Complaint in which Defendant Bank of America and its Defendant Attorney Agents conspired to deprive Plaintiff constitutionally protected rights is provable substantial fact that the Defendant Agent/Attorney, Adam Bendett, and his law firm, Defendant BENDETT &

McHUGH, acting as Debt Collectors on behalf of Defendant Bank of America are mutually responsible for the violation of Plaintiff's Rights in the fraudulent foreclosure proceedings perpetrated against Plaintiff because Defendant Adam Bendett actually signed the Assignment of Mortgage document. (*See* Exhibit "A", *inter alia*).

11. Notwithstanding the fact that the Defendant Attorney Agents conspired or acted in collusion to perpetrate a fraudulent forged Assignment of Mortgage in order to initiate a fraud upon the Court foreclosure against Plaintiff, to secure the possession of her property located at 81 High Clear Drive, Stamford, CT 06905.

12. Concealment of that which should have been disclosed, that acts to deceive, and is intended to deceive so that someone acts upon that deception to his legal injury is fraud. (*Brainerd Dispatch Newspaper Co. v. Crow Wing County*, 196 Minn., 194; 264 N.W. 779, 780).

13. "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc." (*Joiner v. Joiner, Tex. Civ. App.*, 87 S.W 2d 903, 914, 915.

14. So the forgery of Plaintiff's Mortgage Assignment and Promissory Note constitutes as "Bad Faith" and "Fraud" in contravention to clearly established law defined by the Courts in decisions rendered within *Brainerd* and *Joiner, supra*, and provisions of the UCC respectively.

15. An intentional perversion or omission of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him, or to surrender a legal Right, which is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or

by concealment of that which should have been disclosed, that deceives and is intended to deceive another so that he shall act upon it to his legal injury is actionable as a tort. (*Brainerd Dispatch Newspaper Co., v. Crow Wing County, supra*).

16. And to compound the Plaintiff's injury of the fraudulent actions Defendant Bank of America, and its Defendant Attorney Agents imposed upon Plaintiff is the fact that because of the fraud upon the Court aspect of the Mortgage Assignment, for which Defendants, and each of them, did not have standing to invoke the Court's jurisdiction for the foreclosure action against Plaintiff, these fraudulent actions have caused her emotional distress and mental anguish.

17. At all times relevant to the facts of the pleadings incorporated herein, Defendant Bank of America and its Defendant Attorney Agents filed a fraudulent foreclosure proceeding under Color of Law using counterfeit Mortgage Assignment.

18. Thus, the foreclosure action that Defendant Trustee and Defendant attorney Agents litigated against Plaintiff under Color of State Law was and is Fraud Upon the Court because they did not have Standing to invoke the Connecticut State Superior Court for the County Fairfield's jurisdiction using forged, void and unenforceable Assignment of Mortgage.

19. Plaintiff's pursuit of bankruptcy protection to retain her property Rights are justifiably tenable and affirmatively defensible against any adverse claim that she lost her property Rights as a reaction of the fraudulent Defendant Bank of America and its Defendant Agents fraudulent foreclosure litigation.

20. Plaintiff suffered serious damages to her reputation, credit rating and financial stability as a direct and proximate result of the Defendant(s), and each of them, fraudulent actions to deprive her of her constitutionally protected rights under Color of State Law.

21. The Right to a remedy should be enforced or the violation of a Right should be prevented, redressed or compensated. (*Long Leaf Lumber, Inc., v. Svolos*, 258 So. 2d 121, 124).

22. Suffice it to say the Defendant(s), and each of them, have no Rights or remedy At Law when such Rights and remedy are claimed or acquired by fraud. (*Craig v. Mo.* 4 Peters Reports 912).

23. When a legal Right is violated to the injury of another, a Right of action is created, and the injured Party may put in motion the law of the remedy against the wrongdoer. (*Vasu v. Kohlers, Inc.*, 145 Ohio St. 321; 30 Ohio Op, 542; 61 N.E. 2d 707; 166 A.L.R. 855 [1945]).

24. At all times relevant, the Defendant Bank of America and its Defendant Attorney Agents filed a fraudulent foreclosure proceeding under Color of State Law on April 2, 2008.

25. At all times relevant, the Defendant Bank of America and its Defendant Attorney Agents conspired to deprive Plaintiff of constitutionally protected Rights, privileges and immunities.

26. At all times relevant, the Defendant Lender, Defendant Trustee and Defendant Attorney Agents conspired for the purpose of unjust enrichment by obstructing and hindering the due course of justice with the intent of depriving the Plaintiff equal protection of the law. (*Johnson v. Zerbst*, 304 U.S. 458; 58 S.Ct. 1019).

27. Plaintiff, from information and belief, alleges that at all times mentioned herein, each Defendant who claims, claimed or acted on behalf of an interest in the Plaintiff's property that is the subject of this Complaint, was or is a Principal, Agent and/or employee of each of the remaining Defendant(s) thereof, and at all times relevant was/is acting within the purpose and scope of such Agency relationship and/or employment.

28. Whenever Plaintiff points out an act or omission of any of the Defendant(s) within the content and context of this Complaint that act or omission shall be deemed to mean and include an allegation that the Defendant(s), and each of them, perpetrated through its authorized Agents and/or employees, acting within the course and scope of their duties, therefore that act or omission was authorized by their Corporate Managerial Officers or Directors, and the act or omission was ratified by the Officers and Directors of the Corporation or Business Entity.

29. Plaintiff affirmatively asserts that Defendant Bank of America not only did not have Standing to enforce any equitable interest in Plaintiff's property, but Plaintiff also contends that no legal transfer or sale of the Original Promissory Note, Mortgage, or other instrument to any Person with a purported interest in the subject property was lawfully effectuated to give any Defendant or any Party of interest the Right to be named Holder in Due Course, or exercise the powers of a Trustee, Mortgagee, Beneficiary, or Authorized Agent because the Assignment of Mortgage sale was and is forged and counterfeit and unenforceable as a matter of law. (*See* Exhibit "A", Assignment of Mortgage).

30. Plaintiff has filed this Verified Complaint by invoking Title 42 U.S.C. §§ 1983, 1985 & 1986 as jurisdictional authority for a federal question of deprivation of Rights under Color of Law.

31. Plaintiff is making verifiable claims that the Defendant(s) perpetrated fraud in the *factum* of the Assignment of Mortgage, effectively voiding the foreclosure action appertaining to Plaintiffs' property by Defendant(s), and each of them, attempt to perpetrate fraud upon the state court, thereby violating Plaintiff's constitutionally protected rights under Color of State Law.

32. Consequently, as a result of the facts and corresponding law relating to the facts that Plaintiff has explicitly described in the Cause of Action of this Verified Complaint, Plaintiff has clearly stated the verifiable claims to invoke the jurisdiction of the Court based upon a federal question, for which Plaintiff has qualifiedly alleged in the content and context of this Verified Civil Rights Complaint.

33. Plaintiff has also qualifiedly stated a claim for which relief can be granted because the Defendant(s) and each of them have violated my constitutionally protected Rights and I hereby make a short and plain statement to the effect that this Court has pendent jurisdiction over the justiciable controversy of the federal question posed by my cause of action, and it is for the good and sufficient reasons delineated within this Verified Civil Rights Complaint that I believe I am entitled to the equitable relief I seek and I respectfully demand that the Court grant the equitable relief I seek to be made whole again.

34. In determining whether to grant a Rule 12(b)(6) motions, the Court shall not dismiss a Complaint if it includes "enough facts to state a claim for relief that

is plausible on its face." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570; 127 S. Ct. 1955, 1974; 167 L.Ed. 2d 929 [2007]). To survive a motion to dismiss under *Twombly*, a Complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief above speculative level." The Court "must view the Complaint in the light most favorable to the Plaintiff and accept all of the Plaintiff's well pleaded facts as true." (*American United Life Ins. Co. v. Martinez*, 480 F. 3d 1043, 1057).

## POINTS OF LAW & AUTHORITIES

35. The Federal Reserve and National Banks are private entities that exercise an exclusive monopoly and privilege of creating credit and issuing their Notes at the expense of the Public, presumably for the Public good, and therefore their role in the distribution and control of the government's currency gives credence to the perception of their activity as being State Actors.

36. Since the role of distribution and control of the government's currency is fundamentally connected to the laws engaging in commerce, the enforcement authority of those laws comes under the exclusive regulation of Congress pursuant to Article I, Section 8, Clause 3 of the United States Constitution (Commerce Clause).

37. Congress's regulation of commerce encompasses Interstate and Intrastate commercial relations under the Full Faith and Credit Clause of the Constitution which should be considered in the context of the Rational Basis Review that stipulates the judiciary must show deference to the elected representatives of the People.

38. The Courts must uphold the legislation of elected officials if there are rational facts and reasons that could support congressional judgment.

39. Courts have repeatedly noted that the Congressionally legislated Title 42 U.S.C. § 1983 Statute creates a species of tort liability.

40. Over the centuries the Common Law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of her legal Rights.

41. Thus, to determine whether there is a bar to the present suit, we must look to the Common Law of torts. (*Memphis Community School District v. Stachura*, 477 U.S. 299, 305 (1986); *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978).

42. The role of the Common Law in the Supreme Court interpretation and application of 42 U.S.C. § 1983, grants causes of action for violations of constitutional Rights committed "under color of any [state] Statute, ordinance, regulation, custom or usage."

43. Attorneys admitted to the BAR are Officers of the Court, and pursuant to 7 C.J.S. § 4, an Attorney's first duty is to the Court and the Public, not to the Client, and wherever the duties to his Client conflict with those he owes as an Officer of the Court in the Administration of justice, the former must yield to the latter.

44. Therefore Attorneys, whose first duty is as Officers of the Court, are effectively State Actors in the Administration of justice, and are responsible for the performance of their duties on behalf of the Court and the Public.

45. Defendant Agent Attorneys are Officers of the Court, and any civil proceeding they use to invoke the power of the Court so as to deprive Plaintiff of constitutionally protected rights would promptly be effectuated by such Court without question because of their status.

46. However, the implementation of such civil proceeding would be initiated by said Officers of the Court and carried out by the Court under Color of State Law because such civil action using materially altered security instruments to foreclose on Plaintiff's property rights is fraud.

47. Plaintiff has every Right to hold the Defendant(s) accountable for their fraudulent acts against Plaintiff's property interest and constitutionally protected Rights under a colorable execution of state law.

48. All of the Defendant(s) are the moving force behind Plaintiff's claim for deprivation of Rights under Color of State Law. (*Monell v. Dept. of Social Services*, 436 U.S. at 694 [1978]).

49. The *State Action* Defendant(s), and each of them, have perpetrated giving rise to Plaintiff's Verified Complaint is the fraudulent Color of Law foreclosure proceeding they executed in the Connecticut State Superior Court for the County of Fairfield.

50. As Officers of the Court, Defendant Agent Attorneys are effectively acting as State Actors even though **state law does not require that Defendant(s) be an Officer of the State, private individuals may only be liable for their conduct under § 1983 when they are willful participants in joint activity with the State or its agents.** (*Ciambriello v. County of Nassau*, 292 F.3d 307, 323 [2d Cir. 2002]).

51. It is Plaintiff's contention that the Defendant(s), and each of them, effectuated the facilitation of a foreclosure proceeding that was done under the color of State law in violation of her constitutional Rights, and I believe I have justifiable causes of action as provided for by congressional legislation

that is codified in Title 42 § 1983 et. seq. to seek redress of my grievance and remedy for my damages with equitable relief.

52. Courts have repeatedly noted that the Congressionally legislated Title 42 U.S.C. § 1983 Statute creates a species of tort liability.

53. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under 42 § 1983 as well.

54. The *State Action* claim Plaintiff makes in my Complaint goes to the fact that the Defendant(s) used a State authorized foreclosure proceeding under Color of Law to fraudulently deprive me of my constitutionally protected rights.

## COUNT I

### DEPRIVATION OF RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 U.S.C. § 1983

55. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 54 herein, and makes claim of my injury from deprivation of Rights under Color of Law that are protected by the Constitution of the United States of America, and clearly established State Law.

56. At all times relevant herein, the conduct of all Defendant(s), and each of them, are subject to Title 42 U.S.C. §§ 1983, 1985 & 1986.

57. The Rights which Plaintiff claims I am being deprived of under Color of Law include, but are not limited to, the "Bundle of Rights" for the property Defendant(s), and each of them, have unjustly foreclosed upon. More specifically:

      (1) The Right of Possession of my property;

      (2) The Right to the Control of my property;

      (3) The Right of the Enjoyment of my property;

(4) The Right of Exclusion and Privacy of my property;

(5) and the Right of Disposition of my property.

## COUNT II

### CONSPIRACY TO COMMIT FRAUD AND INTENTIONAL INTERFERENCE OF PERSON PURSUANT TO 42 U.S.C. §§ 1983 & 1985

58. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 57 herein, and makes claim that Defendant(s), and each of them, by their acts individually and collectively, conspired to intercept, co-opt or invalidate the integrity and solvency of Plaintiff's Mortgage (Title) and Promissory Note at the inception of the purchasing agreement through fraudulent conversion of said security instruments without lawful justification, and deprive me of the use and possession thereof for their unjust enrichment.

59. Defendant(s), and each of them, deprived Plaintiff of constitutionally protected Rights, privileges and immunities by conspiring and acting in collusion to defraud Plaintiff of my property Rights through, forgery of the Assignment pertaining to my Mortgage Agreement and Promissory Note.

60. Defendant(s), and each them, are guilty of conspiracy when they act in collusion to commit an unlawful act with the purpose of promoting or facilitating such unlawful act; agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes the commission of such unlawful act; or agrees to aid such other person or person in the planning or commission of such unlawful act, or attempt solicitation to commit such unlawful act.

in the planning or commission of such unlawful act, or attempt solicitation to commit such unlawful act.

61. Defendant(s), and each of them, conspired to deprive Plaintiff of constitutionally protected Rights under Color of Law through the initiation and implementation of a fraudulent foreclosure proceeding that culminated in an adverse judgment against Plaintiff in the foreclosure action in the State Superior Court.

62. Defendant(s), and each of them, knew or should have reasonably known that their acts of conspiracy and collusion to omit, avoid or falsify the disclosure of documents and information required by law to be submitted were in violation of 42 U.S.C. §§ 1985 & 1986.

## COUNT III

### LACK OF STANDING/WRONGFUL FORECLOSURE THROUGH FRAUDULENT FORGERY OF PLAINTIFF'S ASSIGNMENT OF MORTGAGE

63. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 62 herein, and makes claim that an actual justiciable controversy exists between Plaintiff and Defendant(s), and each of them, regarding their respective Rights and duties, in that Plaintiff incontrovertibly contends that Defendant(s), and each of them, did not have the Right to foreclose on the subject property concerning this instant action because the Defendant(s), and each of them, at no time relevant to this or the previous State Superior Court action, have any tenable and irrefutable security interest in Plaintiff's property, and they cannot indisputably prove to the Court that they have a valid security interest as a real Proper Party with Standing to foreclose on Plaintiff's property.

64. Thus, the purported power and authority to foreclose and sell Plaintiff's property, by the within specified Defendant(s), and each of them, does not effectively apply to them.

65. Plaintiff has affirmatively asserted within this Verified Civil Complaint that Defendant(s), and each of them, have effectively rendered null and void the security instruments which are collateralized by my property through their fraudulent acts, *ab initio* and *nunc pro tunc*.

66. Therefore Defendant(s), and each of them, had no Standing to foreclose Plaintiff's Mortgage and property interests, and the procurement of their foreclosure judgment was and is effectively perpetrated through fraud upon the Court and fraudulent conversion of Plaintiff's chattel paper and property.

67. Fraudulent conversion is the unlawful and wrongful exercise of dominion, ownership or control over the property of another to the exclusion of the exercise of the same Rights by the Owner, either permanently, or for an indefinite time. (*Pugh v. Hassell*, 1952, 206 Okl. 290, 291).

68. Therefore Defendant(s), and each of them, did not have Standing to invoke the State Court's jurisdiction to foreclose upon Plaintiff's property interests, and the foreclosure judgment rendered by said Court is void as a matter of law.

COUNT IV

FRAUDULENT CONCEALMENT

69. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 68 herein, and makes claim that Defendant(s), and each of them, knew or should have known that had the truth been disclosed to

Plaintiff, that my reasonable reliance on Defendant(s) misrepresentations was detrimental to me, and a lucrative unjust enrichment for them.

70. Because of Defendant(s), and each of them, failure to disclose the true and material facts of Plaintiff's Assignment, Plaintiff could not possibly have known of the adverse effect their actions had on the value of my property.

71. At all times relevant to this action, Defendant(s), and each of them, were aware of their failure to disclose material facts, and misrepresentations of Plaintiff's Mortgage Assignment, because they were being unjustly enriched from Plaintiff's ignorance of their secretive indiscretions.

72. Defendant(s), and each of them, are guilty of malice, fraud and/or oppression.

73. Defendant(s), and each of them, actions were malicious, done willfully and in conscious disregard of the Rights, equitable interests, emotional and mental sanctity of Plaintiff and my family, and it can only be deduced from those actions that they were deliberately calculated to injure Plaintiff.

74. As a direct and proximate result of Defendant(s), and each of them, actions Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendant(s), and each of them, for engaging in such injurious acts.

COUNT V

FRAUD IN THE FACTUM

75. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 74 herein, and hereby makes claim that Defendant(s), and each of them, intentionally misrepresented and omitted the true nature and intent of the Mortgage Loan Agreement.

76. In fact, Defendant Adam Bendett, Esq. had no legal, equitable or actual Power of Attorney to assign Plaintiff's Mortgage to any other party of interest and said purported Assignment is unenforceable.

77. Defendant Adam Bendett, Esq. committed fraud in the *factum* in the Mortgage Assignment and foreclosure action respectively once he signed as Vice President of Defendant Bank of America on the Assignment of Mortgage document.

78. Defendant Bendett & McHugh, as Attorney Agents for Defendant Bank of America, committed fraud by initiating the foreclosure action against Plaintiff for which they knew or should have reasonably known they did not have Standing to invoke the State Court's jurisdiction because the validity and integrity of the Chain of Title was breached at the fraudulent Assignment of the Mortgage Agreement, and therefore said Assignment is void and unenforceable *ab initio* and *nunc pro tunc*.

79. Defendant(s), and each of them, misrepresented the fact that they are the or Agents for same, and therefore the beneficiary or representative someone claiming exclusive equitable interest in Plaintiff's Mortgage and Promissory Note.

80. As a direct and proximate result of the Defendant(s), and each of them, misrepresentations of the Assignment of the Mortgage Agreement, and the subsequent fraudulent acts to deprive Plaintiff of constitutionally protected Rights Under Color of Law, Plaintiff has suffered damage to my financial security, mental and emotional distress to my entire family, and has incurred Court costs and loss from work in order to research, write pursue my pleadings before the Court.

## COUNT VI

## FRAUD UPON THE COURT

81. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 80 herein, and makes claim that Defendant Bank of America and its Debt Collector Agent Attorneys perpetrated fraud upon the Court in the initiation and pursuit of a fraudulent foreclosure action against Plaintiff and subsequent dispossession of my property through eviction.

82. Defendant Attorney Agents knew, or should have reasonably known, that the documents and claims they purportedly made in the foreclosure action against Plaintiff in the Connecticut State Superior Court for the County of Fairfield was fraud because the Assignment of Mortgage was forged by Defendant Adam McHugh and is void on its fact, yet the Defendant(s), and each of them, persisted in pursuit of their fraudulent claims to obtain a foreclosure judgment to the detriment of Plaintiff's property interest. (*See* Exhibit "A", inter alia).

## COUNT VII

## MAIL FRAUD

83. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 82 herein, and makes claim that Defendant(s) Trustee and Attorney Agents deliberately sent fraudulent correspondences by United State Mail to Plaintiff detailing the particulars of their intentionally fraudulent foreclosure Complaint.

84. The use of the mail to defraud is a federal offense requiring government investigation to verify the knowing use of the mail to execute a fraudulent scheme. (*U.S. v. Dondich* [C.A. Cal.] 506 F. 2d 1009).

85. Defendant(s) are Debt Collectors who have engaged in the perpetration of using the mail to instigate their intention to defraud Plaintiff out of my property interests under Color of Law.

## COUNT VIII

### REFUSAL OR NEGLECT TO PREVENT THE DEPRIVATION OF PLAINTIFF'S CONSTITUTIONALLY PROTECTED RIGHTS

86. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 85 herein, and hereby makes claim that Defendant(s), and each of them, by their acts or omissions, violated my constitutionally protected Rights by refusing or neglecting to prevent the deprivation of my Rights under Color of Law.

87. Defendant(s), and each of them, knew or should have reasonably known they were duty bound by law to prevent the violations of Plaintiff's Rights.

88. At all times relevant to this Complaint Defendant(s), and each of them, refused or neglected to prevent the violation of Plaintiff's constitutionally protected Rights pursuant to Title 42 U.S.C. § 1983.

89. Defendant Agents, who are Attorneys, and by law, Officers of the Court, have a duty to uphold the laws to be enforced within the Court and an obligation the Public to ensure the pursuit of a just and equal application of the law.

90. When Defendant Agents, who are Officers of the Court, neglect or refuse to prevent violations of constitutionally protected Rights, privileges and immunities for which they know or should have reasonably known, is being violated, then they are accountable for their negligence and refusal as a matter of law.

91. The Defendant Agents are bound by oath as officers of the Court, to prevent the injury or violation of Plaintiff's constitutionally protected Rights in the interest justice, and to implement the implied covenant of Good Faith and Fair Dealing under the law of contracts, but the Defendant Attorney Agents herein either refused or were negligent to do so on Plaintiff's behalf in the foreclosure action in the State Superior Court.

92. Defendant Attorney Agents, who are trained in the law as officers of the Court, are duty bound to uphold the law and respect Plaintiff's Rights, and their neglect or refusal to prevent any violations of Rights injurious to Plaintiff can also be construed as a criminal act pursuant to Title 18 §§ 241 & 242.

COUNT IX

ABUSE OF PROCESS

93. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 92 herein, and makes claim that Defendant(s), and each of them, intentionally manipulated the foreclosure process to extort Plaintiff's property interest away from me under Color of Law.

94. Defendant Attorney Agents, knew or should have reasonably known that the foreclosure action initiated by them against Plaintiff was a misuse or misapplication of process because the integrity of the Chain of Title of Plaintiff's Mortgage and Note was compromised at its inception by the bifurcation of said Mortgage and Note into a Trust, and the fact that they failed to disclose that they intended to Securitize and offer Plaintiff's security instruments to investors on Wall Street materially altered the Mortgage Loan Agreement at its source, and consequently, because of their duplicitous

fraudulent actions, they did not have Standing to pursue their foreclosure

claims using void or counterfeit security instruments to invoke the State

Court's jurisdiction under Color of Law.

95.   Defendant(s), and each of them, under color of State law, abused the

foreclosure process from the legitimate purpose it is designed and intended to

be used, because they had an ulterior motive to benefit from a fraudulent

financial obligation of which they never intended or expected Plaintiff to

achieve. (*See Caroll v. Gillispie*, 14 Mass. App. Ct. 12, 26 [1982]).

## COUNT X

## OBSTRUCTION OF JUSTICE AND DENIAL OF DUE PROCESS

96. Plaintiff re-iterates the facts, points of law and argument as delineated in line

items 1 through 95 herein, and makes claim that Defendant(s), and each of

them, by failing to disclose the true nature of the Mortgage Loan Agreement,

the separation of the Note from the Mortgage at its inception, in violation of

*Carpenter v. Longan*, 83 U.S. 271 (1872), and by avoiding or omitting

evidence from the Court in the foreclosure action, is in effect an obstruction

of justice and denial of due process.

97. Defendant(s) Trustee and Attorney Agents have violated Title 18 U.S.C. §§

241 & 242 in their obstructing of justice by concealment of material facts.

98. This is a Federal criminal statute which is cognizable when the violation

trammels a Right secured by federal law.

99. Obstruction of justice is the crime of attempting to impede or pervert the

administration of justice, as by concealing or falsifying evidence.

100.   Obstruction of justice through concealment of evidence is a violation of

Disclosure Law.

101.   Defendant(s), and each of them, have omitted and falsified significant information and evidence that is integral to the injury and damages Plaintiff has sustained in violation of 18 U.S.C §§ 241 & 242.

102.   The omission and falsification of material facts to the Court in a foreclosure proceeding, or any proceeding for that matter, is a denial of due process, in that the Party being deprived of significant information cannot effectively present a defense or confront the validity and credibility of his accusers.

103.   Defendant(s), and each of them, have clearly not acted in good faith and therefore have no immunity from provisions of 18 U.S.C §§ 241 & 242.

104.   State Officials, Officers of the Court, Police Officers and anyone authorized to uphold and enforce the Constitution and laws of the United States take an Oath of Office.

105.   They are effectively State Actors, and are entrusted and beholden to obey, uphold and enforce the law of these United States. To say otherwise, would leave out the Defendant(s) who are Officers of the Court from having no responsibility to the Constitution and its corresponding statutes, and thereby diminishing the integrity of the Court where the Public would have no credible trust in or access to a Court of competent jurisdiction for redress and remedy of grievances of violations of constitutional Rights.

106.   Plaintiff has a Right to expect that the Court will strictly adhere to the provisions of the law and the integrity of those entrusted by law to uphold, enforce and obey the provisions of the law on behalf of the Public and Plaintiff's lawful claims.

107.   Clearly, Plaintiff has made affirmative averments to the effect that the Defendant Attorney Agents, who are Officers of the Court, has engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense." (*Collins, v. City of Harker Heights, Texas,* 503 U.S. 115, 128 [1992]; *Rymer v. Douglas County,* 764 F.2d 796, 801 [11th Cir. 1985]).

108.   Upon the discovery of the preponderance of evidence, facts and exhibits proffered before the Court in the instant action, a reasonable mind can determine the validity of the Plaintiff's claims made herein, and that the Defendant(s), and each of them, are the "moving force" behind Plaintiff's deprivations of Rights. (*Monell v. Board of Education,* 436 U.S. at 694).

CONCLUSION

109.   Given the facts, points of law and argument as delineated in line items 1 through 108 herein, Plaintiff affirmatively asserts that Defendant(s), and each of them, acted in effect as State Actors under Color of Law to deprive Plaintiff of my constitutionally protected Rights as provided by Title 42 U.S.C. §§ 1983, 1985 & 1986, and Title 18 U.S.C. §§ 241 & 242.

110.   Plaintiff has a Right to reasonably expect that the government and the Courts will do their duty to enforce the provisions of the Law to protect Plaintiff's Rights.

111.   In addition to enforcing the provisions of the Law protecting Plaintiff's Rights, the Court has authority to create a remedy for equitable relief under § 1983 of actionable violations of Federal Laws. (*Maine v. Thibedeau,* 100 S. Ct. 2502).

112.   In addition to providing a remedy for deprivations of constitutional Rights, Title 42 U.S.C. § 1983 also makes actionable violations of federal laws. (*Maine v. Thibedeau, supra*).

113.   The actions of the Defendant(s), and each of them, violated clearly established law, of which a reasonable person should know and recognize.

114.   The Defendant(s), and each of them, imposed their violations of Plaintiff's Rights with deliberate calculations to obtain unjust enrichment from Plaintiff's security instruments to the detriment of Plaintiff equitable interests with a malicious intent to deprive me of constitutionally protected Rights.

115.   It is irrefutable that Defendant Trustee and Defendant Attorney Agents substantially lacked Standing to invoke the State Court's jurisdiction for their foreclosure Complaint with a forged and counterfeit Assigment of Mortgage.

116.   Defendant Attorney Agents, as Officers of the Court, used their status and authority under Color of State law to perpetrate fraud upon the Court to pursue a judgment for foreclosure against Plaintiff, thereby effectively perfecting the fraudulent conveyance of Plaintiff's property and equitable interests, and depriving Plaintiff of constitutionally protected Rights Under Color of Law.

117.   Said Defendant Attorney Agents, effectively used their status and authority as Officers of the Court in a nexus "State Actors" relationship with their Court to effect their fraud upon the Court by surreptitiously invoke the Court's jurisdiction where the Court could not assume jurisdiction   with a forged and counterfeit invalid and unenforceable Mortgage Assignment.

118.   Technically, Defendant Attorney Agents used their status and authority as Officers of the Court to aid and abet Defendant Trustee to attempt to commit larceny of Plaintiff's property.

119.   The issues Plaintiff presents before the Court in this Verified Civil Rights Complaint is very clear. As a preliminary matter, the Court should consider two well established legal doctrines pertinent to this case.

120.   First, a Corporation is liable for the tort of its Agents when committed within the scope of the Agent's authority and course of employment, even though it did not authorize or ratify the tortuous act. *(Russell v. American Rock Crusher Co.,* 181, 894, 317 P.2d 847 [1957]).

121.   A related rule of law states that a Principal is responsible for the torts of its Agent where the tortuous acts are incidental to and in furtherance of the Principal's business, even though it may be outside of the Agent's authority. (*Williams v. Community Drive-In Theater, Inc.,* 214 Kan. 359; 520 P.2d 1296 [1974]).

122.   Second, punitive damages are appropriate when the elements of fraud, malice, gross negligence or oppression accompany the wrongful act.

123.   Such damages are awarded to punish the wrongdoer for their malicious, vindictive, willful or wanton invasion of the injured person's Rights.

124.   They also serve as an example to restrain or deter others from the commission of such wrongs. (*Augusta Bank & Trust v. Broomfield,* 231 Kan. 52, 63; 643 P.2d 100 [1982]; *Newton v. Hornblower, Inc.,* 224 Kan. 506, 525; 582 P.2d 1136 [1978]).

125.   If an Agent for a Principal has committed a tort within the scope of his employment, so as to render the Principal liable for compensatory damages,

and if the Agent's act is such as to render the Principal liable for punitive

damages, the Principal is not exculpated from liability. (*Stroud v. Denny's*

*Restaurant*, 271 Or. 430, 435; 532 P.2d 790 [1975]).

126.   The law of damages is a matter of Rights. These Rights are enforceable

against particular Persons when a contract exists, and against the entire world

when the matter concerns property or personal Rights, as in the case of

negligent actions where someone's Rights are invaded.

127.   Civil law consists of the legal duty of each individual not to damage

another by ignoring the amount of care required by circumstances.

Conversely, it's everyone's Right not to be damaged. This includes through

deceit, which by its use creates fraud.

128.   Since the Constitution does not directly provide for damages, Plaintiff

must seek relief under one or more of the Civil Rights Statutes that authorizes

an award of damages for violations of constitutional Rights. (*Sanders v.*

*Prentice-Hall Corp. Sys*. 178 F. 3d 1296, 6th Cir. [1999]).

129.   Plaintiff respectfully brings to the Court's attention that should Plaintiff's

claims become a matter of Court record in my favor, in its creation of a

remedy on behalf of Plaintiff, Plaintiff respectfully expects the Court to

award punitive damages, because such damages are appropriate when the

elements of fraud, negligence and conspiracy accompany a wrongful act

under Title 42 U.S.C. § 1983 Statutes.

130.   Pleadings in this case are being filed by Plaintiff *In Propria Persona Sui*

*Juris*, wherein pleadings are to be considered without regard to technicalities.

*Propria*, pleadings are not to be held to the same high standards of perfection

as practicing lawyers. (See *Haines v. Kerner,* 92 S. Ct. 594, also *See Power*

914 F2d 1459 (11th Cir1990), also *See Hulsey v. Ownes* 63 F3d 354 (5th Cir 1995). also *See* In Re: *HALL v. BELLMON* 935 F.2d 1106 (10th Cir. 1991)."

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court allow Plaintiff to exercise my Rights in the pursuit of justice and redress of grievance in the course of this litigation and grant to me a judgment for the following relief and damages:

a) An award for Plaintiff's actual damages in the amount of $535,000.00 for the value of my property interests in the fraudulent foreclosure proceeding instigated by Defendant(s).

b) An award for Plaintiff's compensatory damages in the amount of $1,000,000.00 for fraudulent conveyance of property interest, intentional interference of person and property.

c) Accumulative damages in the amount of $1,000,000.00 for deprivation of Rights under Color of Law, intentionally infliction of emotional distress, mental anguish, humiliation and embarrassment from deprivations of Plaintiff's constitutionally protected Rights under Color of Law.

d) Punitive and exemplary Damages in the amount of $1,000.000.00 for conspiracy, abuse of process and the negligence and refusal to prevent violations of Plaintiff's constitutionally protected Rights.

e) Free and clear Quiet Title to the to the subject property of the fraudulent foreclosure proceeding before the Superior Court for the State of Connecticut at Stamford.

f) Jury Trial demanded on all issues triable by jury.

g) And such other and further relief as to the Court deems just and proper.

Date: February 28, 2018.
      State of Connecticut County of Fairfield.

                       Respectfully,

                       Heather Lindsay
                       81 High Clear Drive
                       Stamford, CT 06905

cc: BENDETT & McHUGH, P.C.
    270 Farmington Avenue, Suite 151
    Farmington, CT 06032

# EXHIBIT A

(Assignment Signed by Defendant Adam Bendett)

PLEASE NOTE:

Exhibit A

the PROPER ASSIGNMENT WAS missing from THE CLERKS file in STAMFORD SUPERIOR COURT.

I will RETRIEVE A PROPER COPY AND supplement/provide to your court as soon as possible. I did however PROVIDE a copy OF ADAM BENDETT signing as vice president OF "MERS."

RESPECTfully,

Heather Lindsay



## ASSIGNMENT OF MORTGAGE

Know all men by these presents, that Mortgage Electronic Registration Systems, Inc. with a mailing address of 1595 Spring Hill Rd, Suite 310, Vienna, Virginia 22182 does hereby grant, bargain, sell, assign, transfer, and set over to The Bank of New York, as Trustee for the Benefit of CWALT, Inc. Alternative Loan Trust 2007-19 Mortgage Pass-Through Certificates, Series 2007-19 with a mailing address of c/o Countrywide Home Loans Inc., 7105 Corporate Drive, Plano, TX 75024 and its successors and assigns, all interest under that certain mortgage to Mortgage Electronic Registration Systems, Inc. solely nominee Lender for Magnus Financial Corporation from Andrew Consiglio, dated May 7, 2007 and recorded May 8, 2007 in Volume 8982 at Page 3 of the Stamford Land Records, together with the mortgage note secured thereby.

In Witness Whereof, the Assignor has duly executed this instrument this 10th day of March, 2008

Signed, Sealed and Delivered
in the Presence of:

_____
Witness: F. Erik Kaneko

Mortgage Electronic Registration Systems, Inc.

By_____
Adam L. Bendett
Its Vice President

_____
Witness: Ansha Porter

STATE OF Connecticut       :
                                          :  SS: Farmington
COUNTY OF Hartford        :

On this 10th day of March, 2008, personally appeared
Adam L. Bendett         , who is known to me to be the person who executed
the foregoing instrument as the  Vice President  (title), of the Corporation
that executed the foregoing instrument, and acknowledged the same to be the free act and deed of said Corporation, before me.

_____
F. Erik Kaneko
Commissioner of the Superior Court

# Exhibit  B

A copy of the transcript is attached, designated as Exhibit B, and made a part hereof.

NO:  FST-CV08-5006978-S          :   SUPERIOR COURT

THE BANK OF NEW YORK             :   JUDICIAL DISTRICT
                                     STAMFORD/NORWALK

v.                               :   AT STAMFORD, CONNECTICUT

CONSIGLIO, ANDREW                :   AUGUST 22, 2017


BEFORE THE HONORABLE KEVIN TIERNEY, JUDGE


A P P E A R A N C E S :


   Representing the Plaintiff:

        ATTORNEY JEFFREY KNICKERBOCKER
        Bendett & McHugh
        270 Farmington Avenue, Suite 151
        Farmington, Connecticut 06032


   Representing the Defendant:

        ATTORNEY ANDRE CAYO
        Law Offices of Cayo & Associates
        84 W. Park Place, 3rd Floor
        Stamford, Connecticut 06901


                          Recorded By:
                          Rebecca Schalk

                          Transcribed By:
                          Rebecca Schalk
                          Court Recording Monitor
                          123 Hoyt Street
                          Stamford, CT 06905

1      (Call to Order of the Court)

2      THE COURT:  You may be seated.  The Court has

3  two matters that are assigned for the docket for

4  hearings.  A Court recently assigned

5  FST-CV08-50009720-S, JPMorgan Chase Bank et al versus

6  Richard Holt for a continuation of the trial, twenty-

7  sixth -- twenty-seventh day of trial for today at ten

8  o'clock.  At the same time that that matter had been

9  assigned, this Court was aware that the underlying

10  motion for the second case had already been assigned,

11  and the -- caseflow attempted to coordinate those two

12  by changing the time.  The Holt case was moved to

13  today at eleven forty-five -- otherwise to commence

14  at ten o'clock, now commence at eleven forty-five --

15  and the second case is to commence at nine thirty.

16      The second case, which I am calling now, is

17  FST-CV08-50006978-S, The Bank of New York versus

18  Andrew Consiglio, National City Bank, PNC Bank,

19  National Association and, for notice only or proposed

20  intervenor, Heather Lindsay.  It is now nine

21  forty-two.  Identification by counsel and party --

22      ATTY. KNICKERBOCKER:  Your Honor --

23      THE COURT:  -- self-represented parties of

24  record.

25      ATTY. KNICKERBOCKER:  Your Honor, Attorney

26  Jeffrey Knickerbocker from Bendett and McHugh for the

27  plaintiff.

1       THE COURT:  The plaintiff is labeled the Bank of

2  New York, is that correct?

3       ATTY. KNICKERBOCKER:  As trustee, Your Honor.

4  Yes, Your Honor.

5       THE COURT:  Thank you.  And when is -- this is a

6  residential foreclosure, is that correct?

7       ATTY. KNICKERBOCKER:  Yes, Your Honor.

8       THE COURT:  And do you recall the return date of

9  this matter?

10       ATTY. KNICKERBOCKER:  I don't know the exact

11  date but I do know that it's in 2008.

12       THE COURT:  All right.  I have an April 15, 2008

13  case; would you quarrel with that?

14       ATTY. KNICKERBOCKER:  I would not quarrel with

15  that, Your Honor.

16       THE COURT:  All right.  This matter had

17  initially gone to judgment, in the first instance, in

18  the summer of 2008.  Is that correct?

19       ATTY. KNICKERBOCKER:  Yes, Your Honor.

20       THE COURT:  A judgment of foreclosure --

21       ATTY. KNICKERBOCKER:  Yes, Your Honor.

22       THE COURT:  -- thereafter?

23       ATTY. KNICKERBOCKER:  Yup.

24       THE COURT:  And has this matter gone to judgment

25  in a number of other -- on a number of other dates

26  for foreclosure by reason of a variety of motions and

27  pleadings?

1      ATTY. KNICKERBOCKER:  Yes, Your Honor.

2      THE COURT:  Any idea how many times this matter

3   has gone into judgment?

4      ATTY. KNICKERBOCKER:  No, Your Honor.

5      THE COURT:  More than three would be a fair

6   statement?

7      ATTY. KNICKERBOCKER:  That would be fair.  Yes,

8   Your Honor.

9      THE COURT:  Okay.  The motion that has been

10   assigned for today's date, as claimed by the

11   plaintiff, is motion number 121: motion for judgment

12   after whatever the proceedings were to place this

13   case back into judgment status.  Is that correct?

14      ATTY. KNICKERBOCKER:  Yes, Your Honor.

15      THE COURT:  In addition to that, there were

16   requests to intervene or join as a party by one

17   Heather Lindsay.  That had been assigned for the

18   docket for today, is that correct?

19      ATTY. KNICKERBOCKER:  Yes, Your Honor.

20      THE COURT:  Okay.  My understanding is that I

21   was asked to sit and render a decision on a motion to

22   dismiss dated March 6 -- March 13, 2016, pleading

23   188.  And the hearing on that motion to dismiss was a

24   four-day hearing, August 9th, 10th, 11th, and 12th,

25   2016; is that correct?

26      ATTY. KNICKERBOCKER:  Yes, Your Honor.

27      THE COURT:  That was an evidentiary hearing.

1   And this Court rendered a decision on the motion to

2   dismiss: the Court denies the defendant's motion to

3   dismiss for a lack of subject matter jurisdiction,

4   dated March 13, 2016, number 188.  Is that correct?

5        ATTY. KNICKERBOCKER:  Yes, Your Honor.

6        THE COURT:  All right.  And the Court did so by

7   rendering a twenty-two-page decision that is on file,

8   is that correct?

9        ATTY. KNICKERBOCKER:  Yes, Your Honor.

10       THE COURT:  All right.  And there were other

11  motions to dismiss that had also been filed or at

12  least one other motion that had been filed?

13       ATTY. KNICKERBOCKER:  Yes, Your Honor.

14       THE COURT:  Okay.  And then there -- clerks has

15  noted a series of motions that appear to be addressed

16  to the intervention requests or joining in requests

17  by one Heather Lindsay.  The clerks notes those as

18  motions 202, 203, 251, 243, 244, 246.  Thereafter,

19  all relate to the issue of intervention.  Is that a

20  fair statement, Mr. Knickerbocker?

21       ATTY. KNICKERBOCKER:  Yes, Your Honor.

22       THE COURT:  Okay --

23  MS. LINDSAY:  Excuse me, Your Honor.

24       THE COURT:  Thank you.

25  MS. LINDSAY:  This is --

26       THE COURT:  Excuse me.  Excuse me.

27  MS. LINDSAY:  -- in Consiglio --

1          THE COURT:  Excuse me.  Excuse me, please.

2          MS. LINDSAY:  How --

3          THE COURT:  Excuse me --

4          MS. LINDSAY:  This --

5          THE COURT:  -- please.

6          MS. LINDSAY:  -- was supposed to be on --

7          THE COURT:  Excuse me, please.

8          MS. LINDSAY:  -- at ten o'clock.

9          THE COURT:  Excuse me, please.  Excuse me.

10  Excuse me.

11         MS. LINDSAY:  My attorney is --

12         THE COURT:  Please.  Please, have a seat.

13  Please.  Excuse me.  I'm fin -- I'm -- finish the

14  thought process.  Okay.  And those are the two

15  matters that bring us here today: 121, your motion

16  for judgment, and a series of motions addressed to

17  the intervention and joining in of a party by Heather

18  Lindsay.  Is that correct?

19         ATTY. KNICKERBOCKER:  Yes, Your Honor.

20         THE COURT:  Okay.  And we went on the record

21  this morning.  What time is it now, please?

22         ATTY. KNICKERBOCKER:  It is nine forty-seven.

23         THE COURT:  All right.  So, we have been

24  discussing these -- matters in this vein in an

25  administrative arrangement for the last five minutes,

26  is that correct?

27         ATTY. KNICKERBOCKER:  Yes, Your Honor.

1          THE COURT:  Okay.  And during the introduction

2     no -- no one was present from the other side of the

3     parties that I had mentioned.

4          ATTY. KNICKERBOCKER:  That's correct, Your

5     Honor.

6          THE COURT:  And in the interim period of time

7     Heather Lindsay has walked into court.

8          ATTY. KNICKERBOCKER:  Yes, Your Honor.

9          THE COURT:  She wishes to identify herself.

10    Could you step forward, if you would, please.

11         MS. LINDSAY:  Good morning, Your Honor.  Heather

12    Lindsay.

13         THE COURT:  Thank you.  Ms. Lindsay, I have a

14    notice of -- as far as an address for you, at 81 High

15    Clear Drive, Stamford, Connecticut 06905.  Is that

16    correct?

17         MS. LINDSAY:  Correct, Your Honor.

18         THE COURT:  All right.  So that's -- you have an

19    appearance, according to the computer system, for

20    notice only or for a posed (as spoken) intervenor.

21    You do not have a status as a party to the case which

22    is the subject that's before this Court.  And,

23    therefore, the coder has labeled you as L-01 as

24    opposed to D-51, 50, 52, 53, et cetera.  And your

25    reference to your address of 81 High Clear Drive,

26    Stamford, Connecticut 06905 is the address that you

27    have labeled to the coder and to the clerk's office

1    that you wish to receive notice and copies of

2    documents; is that a fair statement?

3        MS. LINDSAY:  Yes, Your Honor.

4        THE COURT:  You're not a member of the

5    Connecticut Bar, is that correct?

6        MS. LINDSAY:  No, I am not, Your Honor.

7        THE COURT:  And you understand that the

8    plaintiff is represented by counsel who is present

9    here today?

10       MS. LINDSAY:  Correct.

11      THE COURT:  And, despite that fact, you're going

12    to continue on to involve yourself in this matter in

13    the fashion that you're doing so as a

14    self-represented litigant?

15      MS. LINDSAY:  Your Honor, I would like to

16    mention, I believe that the docket said that we were

17    to begin at ten o'clock.  Andre Cayo, I spoke with

18    him this morning, he is on his way.  Secondary to

19    that, Your Honor, the case was filed in Federal Court

20    on Friday.  So, there was a removal motion put before

21    the court and it was filed here yesterday as well.

22      (Pause)

23      THE COURT:  I have a JDNO that was sent out on

24    May 2, 2017 for the scheduling for the hearing for

25    today's date, by the civil caseflow coordinator Megan

26    McCaffrey, and it says 8/22/2017 at 10 a.m.  That is

27    today, is that correct?

1          MS. LINDSAY:  Correct, Your Honor.

2          THE COURT:  That is today.  Okay.  And -- but I

3     have a notice relating to the assignment for today's

4     date that is scheduled.  It was scheduled --

5     commencement date for the hearing is at nine thirty.

6     And that's the notice that I have in the Edison

7     computer system and I will furnish a copy of that

8     document to you.

9          (Pause)

10         THE COURT:  Thank you.  This is the printout, if

11    you would, please.  If you wish to take a look at my

12    computer I can show you how this bears out for the

13    dates.  It happens to be the printout for the date at

14    nine thirty.

15         MS. LINDSAY:  May I speak, Your Honor?

16         THE COURT:  No.  Not -- not yet, please.  All

17    right.  And let me furnish you with a more complete

18    printout of that document, if you would, please.

19    It's the -- you'll be able to find it, the reference

20    that I have just made.  That's the entirety of the

21    court hearing docket called the Info-1 screen.

22         MS. LINDSAY:  May I address the Court, Your

23    Honor?

24         THE COURT:  Well, I just want to make sure that

25    you see --

26         MS. LINDSAY:  I understand.

27         THE COURT:  -- that the matter has been

1    scheduled at nine thirty.

2         MS. LINDSAY:  Your Honor --

3         THE COURT:  Okay --

4         MS. LINDSAY:  -- I got a message --

5         THE COURT:  Let me --

6         MS. LINDSAY:  -- from the court clerk this

7    morning.

8         THE COURT:  Let me -- let me finish, if you

9    would, please.

10        MS. LINDSAY:  Mm-hm.

11        THE COURT:  Okay.  So, therefore, we have a ten

12   o'clock hearing for the JDNO that was sent out in May

13   and my notice that there was a court hearing at nine

14   thirty for today, a conflict between the two within

15   the computer system that we have.  Okay.

16        MS. LINDSAY:  Correct, Your Honor.

17        THE COURT:  You understand that.

18        MS. LINDSAY:  Yes.

19        THE COURT:  Okay.

20        MS. LINDSAY:  I got a message this morning from

21   the court clerk to be -- to come in, and it was

22   already too late to get here by nine thirty.

23        THE COURT:  Okay.  So, what I have is, I have a

24   double-booking situation for this week and next week,

25   and you are the second of the cases.  I -- the double

26   booking started on the 17th.  I had the JPMorgan

27   versus Holt matter that Mr. Cayo knows about, and I

1    had double booked that for the entirety of this week

2    and next week even though I'm on trial on cases all

3    of those days.  And it's been a difficult concept for

4    the caseflow to deal with a double booking and try to

5    arrange matters at hand.  Okay.  So, that I don't

6    quarrel with your making a statement that it should

7    be done at ten o'clock: I want it at nine thirty.  I

8    need that extra half hour to be able to resolve the

9    matters.  But, in fairness, ten o'clock is the

10   appropriate date.  Okay.

11          MS. LINDSAY:  Thank you.

12          THE COURT:  Now, the transcript contained

13   nothing; the case was not advanced.  All I did is

14   just speak in an administrative tone, but you're free

15   to order the copy of the transcript if you think

16   something happened in the interim period of time.  I

17   assure you, nothing, nothing happened in the interim

18   period of time and I have not read this document.  If

19   you'd just take a look at this document, if you

20   would, please.  And that's the document that you are

21   mentioning, is that correct?

22          MS. LINDSAY:  Yes, Your Honor.

23          THE COURT:  Thank you.  Well, I have not men --

24   I have not read that document; so, we're going to

25   recess at this point so that I can review that

26   document.  It is now six minutes of ten, and then Mr.

27   Knickerbocker may or may not have a copy of it.  I've

been assured that this document has had a stamp by

the clerk today.  It also has a stamp by the United

States District Court for Friday at 4:10 p.m., but I

was just made aware of it just -- just about nine

thirty this morning by the staff.  I don't know when

this was stamped downstairs.  I can't tell because

the stamp is over the printing.

MS. LINDSAY:  Oh, it was done at one o'clock in

the afternoon yesterday, Your Honor.

THE COURT:  Okay.

MS. LINDSAY:  It was handed into the Federal

Court on Friday.

THE COURT:  Yes.  Okay.  Well, we have the

Federal Court.  So, I don't know whether Mr.

Knickerbocker has his own copy or not, but I'm going

to read this over, ask him if he has it.  And no

objection to my giving this to Mr. Knickerbocker for

him to read after I read?

MS. LINDSAY:  None, none whatsoever.  Thank you.

THE COURT:  Okay.  We'll stand in recess, and

we'll wait for Attorney Cayo, and I'll read these

documents.

MS. LINDSAY:  Thank you, Your Honor.

THE COURT:  Thank you.

(Recess taken)

THE COURT:  Okay.  Superior Court is back in

session; you may be seated.  This is docket number

1    FST-CV08-5006978-S, The Bank of New York versus

2    Andrew Consigilio, National City Bank, PNC Bank,

3    National Association, and Heather Lindsay for notice

4    only.  Identification, please.

5         MS. LINDSAY:  Heather Lindsay, Your Honor.

6         ATTY. KNICKERBOCKER:  Attorney Jeffrey

7    Knickerbocker from Bendett and McHugh for the

8    plaintiff.

9         THE COURT:  Thank you.

10        ATTY. CAYO:  Andre Cayo for the defendant.

11        THE COURT:  Thank you.  The parties that have

12   not appeared, who are named as parties in this case,

13   National City Bank and PNC Bank, National Association

14   have no appearance.  Is it necessary for them to be

15   present for whatever is happening in court today?

16        ATTY. KNICKERBOCKER:  No, there's no need for

17   them to be here today.

18        THE COURT:  Okay.  We commenced the hearing

19   today at nine forty-two.  Is that correct, Mr.

20   Knickerbocker?

21        ATTY. KNICKERBOCKER:  Yes, Your Honor.

22        THE COURT:  And Ms. Lindsay was not here; Mr.

23   Cayo was not here.  Ms. Lindsay came during the first

24   five minutes of the hearing.

25        ATTY. KNICKERBOCKER:  Yes, Your Honor.

26        THE COURT:  And we engaged in general discussion

27   on the record.  So, Attorney Cayo can speak to Ms.

Lindsay about what occurred, what -- speak to you about what occurred.  I'm making assurances to Attorney Cayo that only administrative matters were discussed.  You're familiar with that; you've been in my court many times before.

I had verified Ms. Lindsay's address, that she's not an attorney, that she's proceeding not as a party but it says for notice only as a proposed intervenor. We went through the return date, and the first judgment entered in this matter in mid-2008; judgment had entered on a number of occasions.  And there were two matters that had been assigned for a hearing today, motion 121, the plaintiff's motion for judgment, and a series of motions addressed to Ms. Lindsay's request to become named a party or to intervene in the matter, all of which were assigned for today.

We also reviewed the fact that the JDNO was sent out in May of this year for the hearing for today's date at ten o'clock and that my notes had indicated the hearing was at nine thirty.  And I furnished copies of those documents and I could understand the difference between the two and, therefore, proceeding at nine thirty would not be appropriate because the JDNO said ten o'clock despite the fact that I wanted it at nine thirty.  That's -- that's not the point. And then Ms. Lindsay indicated that she had received

a call moving the matter up.  And I had double booked
the Holt trial -- which was the cause for that double
booking -- so, ten o'clock was the proper time.

We recessed a few minutes before ten so that I
would have the opportunity to read this document.
You should read this document, Attorney Cayo, if you
would, please.  The document that I have here, you
have not seen that document because that's been
placed in my hands by the clerk.  And Attorney
Knickerbocker had an opportunity to read that
document and Ms. Lindsay made mention of that fact.
We have not dealt with it any further.  Okay.

Now, the first concern that I have is that Mr.
Consiglio is represented by you.  He no longer has a
self-represented appearance.  He had had a self-
represented appearance before the Court.  And, as a
result of Mr. Consiglio filing this particular
document with the clerk of the court, that has caused
some consternation with how to deal with a matter in
which a person who is not a party to the case, by
reason of their appearance -- lack of appearance in
the case, has the right to file documents with the
clerk of the court.  So there is some consternation
about that.

And the second is that there is no information
to indicate that you filed those documents; so, this
document has not yet been entered electronically into

1    the system.  The electronic filing of the system by

2    an attorney who is admitted, it automatically gets

3    into the system as soon as it's filed.  It's

4    hypertext and I can read it.  I've looked at the

5    system a couple of times and I've asked the caseflow

6    coordinator to examine to find out why it is not

7    there.  She hasn't reported back to me, so that's the

8    circumstance that we have though.

9        Therefore, I don't have that pleading -- the

10   notice of removal -- as a pleading in the file.  But,

11   physically, I have it with a stamp by the Federal

12   District Court, Friday at four ten, August 18th, and

13   a stamp by the Superior Court, Stamford/Norwalk

14   Judicial District, yesterday, August 21st at 1:33

15   p.m.  I can just barely read that because the stamp

16   is under the word superior, but that's the way I read

17   it.  Someone has a difference of opinion, let me

18   know.  Ms. Lindsay indicated that this document was

19   filed yesterday at about one o'clock and that's --

20   that's consistent with -- with what the stamp says.

21       MS. LINDSAY:  Correct, Your Honor.

22       THE COURT:  Yes, one thirty-three.  I'm not

23   going to quarrel with --

24       MS. LINDSAY:  May I interject --

25       THE COURT:  -- exactly when the --

26       MS. LINDSAY:  -- on something that you brought

27   up, Your Honor?

1    THE COURT:  Yes.

2    MS. LINDSAY:  I am now considered the

3    conservator of the estate of Andrew Consiglio, and I

4    have that paperwork with me today.

5    THE COURT:  Okay.  Okay.  The -- that's not the

6    issue.  Okay.  The issue is what is the legal effect

7    of the removal that has been filed with the Federal

8    District Court that I am now aware of.  Okay.  I need

9    to make sure that that document gets filed as a

10   pleading in this case, despite the fact that Mr.

11   Consiglio does not have an attorney [sic] in this

12   case and has no right to file any documents in this

13   case.

14   Mr. Consiglio has a right to file documents in

15   any other jurisdiction that he wishes on his own,

16   doesn't need Attorney Cayo to do that.  So, I want to

17   make sure that the notice of removal gets placed as a

18   pleading in this case, that there is a notice that

19   this matter has been removed.

20   MS. LINDSAY:  I see, Your Honor.  I assume, that

21   me being the conservator at this point, that I'm in

22   control of what gets filed.

23   THE COURT:  You're not anything.  You're --

24   there's -- you're not a party to this case.  You're

25   here for courtesy purposes because you filed a

26   motion.  Your motion will be duly heard in court, but

27   the filing of this notice of removal prevents motion

1  121, judgment, from going forward, and it prevents

2  your intervention motions that I started to hear.  I

3  started to hear those motions at the time that I

4  started the motion to dismiss, and then we put them

5  out to some other time, waiting for either you to

6  reclaim or someone to reclaim those, and they've been

7  done and they're all here.

8       MS. LINDSAY:  Understood, Your Honor.

9       THE COURT:  Yes.  So we have all of those.

10  Okay.  So, that concludes the matter as far as I'm

11  concerned.  The matter remains in abeyance.  Okay.  I

12  do not agree that there is a stay in effect by reason

13  of that removal.  I don't believe the statutes

14  operate as a stay.  I believe that I could proceed

15  with the matter.  But if I rendered a decision in the

16  matter, there is case law to indicate that my

17  decision, while the case is removed to the Federal

18  District Court, is void.

19       So, it's a waste of my time to do that.  I could

20  probably try the case, hold off the decision until I

21  found out what would happen with removal, and deal

22  with it thereafter.  But I do -- don't intend to

23  proceed in that -- in that fashion.  There is one

24  other subject that I wish to --

25       ATTY. CAYO:  Your Honor --

26       THE COURT:  -- discuss, though.

27       ATTY. CAYO:  I'd like to say something when I

1    can.

2         THE COURT:  Yes, you may.

3         ATTY. CAYO:  I -- I don't know if Attorney

4    Knickerbocker mentioned that to the Court, I did send

5    him a couple of emails that I was on the road, on the

6    highway, coming in.

7         THE COURT:  Mr. Cayo, don't you know -- didn't I

8    -- haven't I told you what I did in my thirty years

9    of practice, haven't I told you that?

10        ATTY. CAYO:  Your Honor.

11        THE COURT:  That I've had to do in two or three

12   different places at the same time.

13        ATTY. CAYO:  And --

14        THE COURT:  The violation is don't get caught.

15   Okay.  But I'm not saying that -- don't -- late is

16   not a good thing --

17        ATTY. CAYO:  You --

18        THE COURT:  -- but don't get caught.  You didn't

19   get caught.  I'm not saying anything.

20        ATTY. CAYO:  No.  No, get caught in traffic.

21        THE COURT:  Yes.  No.  No.  No, I'm just talking

22   about you get a judge mad because the judge is not --

23   I remember what it was like.  Okay.

24        ATTY. CAYO:  And the other thing, Your Honor, is

25   regarding subject matter jurisdiction once the notice

26   of removal was filed.  We had the same situation two

27   weeks ago in Judge Adams' courtroom.

1          THE COURT:  No, you did not.

2          ATTY. CAYO:  Hold on.  Maybe it's not -- yes, I

3     did.

4          THE COURT:  No, you didn't.

5          ATTY. CAYO:  I have the transcript, Your Honor.

6          THE COURT:  I understand, but you didn't.

7          ATTY. CAYO:  I did.  The notice of removal was

8     filed.

9          THE COURT:  You filed the notice of removal and

10    Judge -- and that was brought to the attention of

11    Judge Adams on the first day of trial.  And Judge

12    Adams says we're going forward with the trial and he

13    started with the witnesses in the case.  They called

14    the witnesses and you were in the midst of cross

15    examination.

16          Now, when you got to the three thirty break, and

17    because of circumstances over which no one had any

18    control, the matter was postponed to some other date.

19     And in the interim period of time, Judge Adams

20    agreed that the notice of removal prevented the case

21    from being continued on with the trial.

22          ATTY. CAYO:  Well, I --

23          THE COURT:  That's -- that's what occurred.

24          ATTY. CAYO:  That's not really what occurred,

25    Your Honor.

26          THE COURT:  Okay.

27          ATTY. CAYO:  Judge Adam (as spoken) agrees he

1     did not have subject matter jurisdiction.

2         THE COURT:  Well, that -- I can't speak to that.

3     I did --

4         ATTY. CAYO:  And I have the transcript --

5         THE COURT:  --I haven't spoken --

6         ATTY. CAYO:  He agrees he didn't have subject

7     matter jurisdiction, and he didn't want to go forward

8     to get in trouble with the Federal Court.  But, for

9     whatever reason, he proceeded.  And a week later, as

10    a result of my client medical condition, we had a

11    conference with the judge and Attorney Brian Rich.

12        THE COURT:  Yes.

13        ATTY. CAYO:  And during that conference, Judge

14    Adam (as spoken) agrees he should not have gone

15    forward.

16        THE COURT:  Yes.

17        ATTY. CAYO:  And he cited a -- a case from

18    Florida that discussed, in length, the reason the

19    Court does not have subject matter jurisdiction and

20    that he should not have gone forward.  And, as a

21    result, Judge Adams said whatever date I set in this

22    case they are all void until the decision is rendered

23    in the Federal Court.  So, I'm bringing that to Your

24    Honor's attention so that Your Honor knows the law,

25    if it was not clear.  And Your Honor may have

26    talked --

27        THE COURT:  I don't understand what you're

1   telling me.  I'm not proceeding today because of the

2   notice of removal.  I'm not making any determination.

3   I believe that I have the right to go forward with

4   the case.  I believe the case law states that if I do

5   go forward with the case there's no stay in effect,

6   that a decision that I would render in the case would

7   be declared void, and the Federal District Court

8   would clearly declare it void during the period of

9   time that the case was on remand -- but -- in removal

10  status.

11       If it was remanded thereafter, I believe that

12  the Court's continuation of the hearing would be

13  upheld by the Federal District Court and it -- it

14  would be void -- would be valid.  That's my opinion,

15  but I'm not going forward and testing that issue.

16  We're not having a hearing.  I do not believe that

17  this notice of remand operates as a stay.  I'm not

18  having a hearing.

19       Now, there's one other subject that I wish to

20  discuss.  Okay.  It emanates from the concurring

21  opinion of the Florida case.  Okay.  Anything

22  further?

23       ATTY. KNICKERBOCKER:  Nothing further, Your

24  Honor.

25       THE COURT:  Okay.  So your motion, Mr.

26  Knickerbocker, 121, is not going forward.  I don't

27  know what I'm going to -- probably just mark it off,

or the remand will eventually wind itself into the

pleadings of the file and that will make it obvious.

And then there were a series of motions, Ms.

Lindsay, that were related to your various motions.

And I have picked out a couple more than just what

was on that list, but they all relate to the same

subject, including Attorney Cayo's motion, 251,

asking that the judgment not go forward until the

intervention issue is resolved. And I'm going to

hear the intervention issue -- I intended to hear the

intervention issue first today so that that would

render that matter moot, but I'm not hearing

anything. Okay.

ATTY. CAYO: Does Your Honor happen to have the

citation of the Florida case because I lost it.

THE COURT: No. I'll read the name of the case,

though. Okay. It's Joseph A. and Mary Ann Musa --

M-U-S-A -- versus Wells Fargo. See December 31, 2015

decision of the Court of Appeals, First District,

Florida. I cannot give you the docket number because

I do not know what the docket number is, but I do

have an ID number here of some sort. If that's of

any assistance to you, I can give that to you:

1D15-0937, 1D15-0937.

ATTY. CAYO: Thank you, Your Honor.

THE COURT: The admonition is as follows and

this is directed to Mr. Consiglio. I write to warn

defendants of the potential consequences if they are
tempted to remove a case as a delaying tactic and not
in good faith.  The federal courts are authorized to
award attorney's fees and other just costs and any
actual expenses on remand.  Further, under Federal
Rules of Civil Procedure, Rule 11, a Federal Court
can assess monetary sanctions and impose nonmonetary
directives upon a showing that a pleading is filed to
cause delay or is not supported by the law.

Finally, upon remand, a State Court can assess
sanctions for fraud on the court.  While a variety of
sanctions are available to the State Court upon
remand following an improper removal, the striking of
a party's pleadings has long been available and,
often, favored remedy for a party's misconduct in the
litigation process.  Accordingly, defendants should
avoid removal unless they do so in a timely manner
and in good faith.

Mr. Consiglio has the opportunity to file a
withdrawal of his notice of removal with the Federal
District Court and proceed in this matter today.
That's his choice.  He chooses not to do so, this
matter no longer will be on the docket for today.
This is his one time to do so.  And the question of
imposing sanctions may very well be raised by the
plaintiff in this case, or it could be raised by a
court sua sponte depending on what the decision is of

1    the Federal District Court.

2         I have read many decisions on bankruptcy filings

3    and remands from removal by Federal District Courts,

4    both in the State of New York and the State of

5    Connecticut, and they are scathing in language.  If

6    scathing language finds its way into this remand,

7    sanctions in the State Court -- if not imposed by the

8    Federal Court -- would be most appropriate.  So, Mr.

9    Consiglio should be aware no such sanctions would be

10   imposed by this Court if he files his -- he files a

11   withdrawal of the removal and is ready to proceed,

12   and he does so by indication by the end of the of the

13   day today.  That's fair warning for him.  No

14   sanctions would be imposed -- I have no reason -- and

15   we would reassign this matter for a hearing in a very

16   short period of time.

17        ATTY. CAYO:  Your Honor.

18        THE COURT:  Pardon?

19        ATTY. CAYO:  Your Honor, may I?

20        THE COURT:  Yes, you may.

21        ATTY. CAYO:  I don't understand why the Court is

22   threatening Mr. Consiglio with sanction when in this

23   case, clearly, Mr. Adam Bendett, Attorney Adam

24   Bendett, who acted as a VP of Bank of America, in my

25   opinion, needs to be here to answer a question

26   regarding the date of his assignment of mortgage that

27   he signed as a VP of Bank of America.  So, if there's

1    any sanction that's going to be imposed on Andrew

2    Consiglio, we should consider sanction on the bank.

3    We should consider sanction on Attorney Adam Bendett

4    because I don't understand how and why the Court does

5    not see that there is an issue with the assignment of

6    mortgage that Attorney Adam Bendett signed as a VP of

7    Bank of America.  He chose to wear the hat of VP

8    of --

9         THE COURT:  Yes.  Please --

10         ATTY. CAYO:  -- Bank of America.

11         THE COURT:  Please make --

12         THE COURT:  He needs to be here.  He, in my

13    opinion, backdated a document.  I'm putting my

14    license on the line that he backdated a document.  He

15    needs to be here and answer this question.  And if

16    there's fraud on the Court, it is the bank that is

17    committing fraud on the Court.  And so for Andrew

18    Consiglio to file a removal to the Federal Court and,

19    now, being threatened with sanction is unfair.

20         THE COURT:  He's not being threatened with a

21    sanction.  He's being advised as to what the law is

22    and the authority for me to enter a sanction based

23    upon findings made by the Federal Court.  Mr.

24    Consiglio's job is to make sure that the Federal

25    Court finds in his favor.  And in addition, if they

26    do not find in his favor, they at least find in his

27    favor that he had a good faith basis for filing such

1    a notice of removal.

2    If, in fact, it turns out that he did not have

3    such a good faith basis and that remand is sent back

4    by the Federal District Court with statements along

5    the lines that would be --conduct that would be

6    sanctionable, this Court has the authority to enter

7    sanctions.  That's just merely a reminder of the --

8    both the Federal Court having the authority to enter

9    sanctions and the State Court on remand has the

10   authority for entering sanctions.  That's --

11   ATTY. CAYO:  Your Honor -- Your Honor, I am

12   reminding of this every day.  That's the reason for

13   vexatious litigation.  You do something without

14   probable cause, you are liable for vexatious

15   litigation -- including counsel, the party in the

16   case, and anyone who -- who -- who fund the

17   litigation.  But I've just never heard those words

18   talked to as to the banks who are clearly committing

19   fraud, but for some reason no one sees it.

20   THE COURT:  Well, has the --

21   ATTY. CAYO:  Yale University wrote an article,

22   the case for a free house.  It's online; Your Honor

23   can look it up, Yale University, an Ivy League

24   school.  And they talk about how the Court, for some

25   reason does not want to apply the basic laws of

26   contract when it comes to foreclosure.  Number two,

27   there is a reason there's no jury trial in

1    foreclosures.  Because I believe the banks are using

2    the color of law to take people's houses in violation

3    of their Fourteenth Amendment; it's basically a back

4    door taken, a back door, imminent domain.

5        We have a case here, Your Honor would re -- deny

6    me the right to call Mr. Bendett, VP of Bank of

7    America, to the stand and answer question when

8    clearly there is a questionable assignment of

9    mortgage which was used to institute this case.  And

10   Your Honor knows the law, that if there was no -- if

11   they did not have possession of the note this case

12   should be dismissed.  And in this case they didn't

13   use the note; they used an assignment of mortgage and

14   then used the reasonable conclusion that the mortgage

15   follows the note.  We're not going to show you the

16   note; we're going to show you the mortgage and, since

17   the mortgage follows the note, it's reasonable to

18   conclude that they had the note around the same time.

19       But in this case we have a questionable mortgage

20   assignment signed by an attorney for the plaintiff.

21   That is clearly questionable.  I would like Mr.

22   Bendett on the stand.  And I'll probably get him to

23   admit what happened, which was an assignment of

24   mortgage that was backdated because later on they

25   then created the same mortgage -- the -- the same

26   mortgage assignment.  Now, we all know, why would

27   there be another mortgage assignment to -- to do the

1   same thing of a previous mortgage assignment.

2   THE COURT:  Thank you.  Mister -- Mr. Consiglio

3   has been advised that he has the right to withdraw

4   this notice of removal.  No sanctions would be

5   imposed by this Court.  This Court would reassign the

6   matters before -- that are now before this Court.

7   In the event that he wishes to continue on with

8   his notice of removal -- that's within his right to

9   do so -- this case will not go forward.  If there is

10  a remand from the Federal District Court and that

11  remand makes a determination in the Federal District

12  Court that there is conduct that's sanctionable in

13  the removal process because it was not made in good

14  faith, I'm just telling you that the State Court has

15  the authority to enter sanctions by reason of actions

16  that occurred in the federal proceeding.  And that's

17  a clarifier statement, and Mr. Consiglio is well

18  advised of that fact in open court.  Okay.  We're --

19  ATTY. CAYO:  Well, Miss --

20  THE COURT:  Anything further?

21  ATTY. CAYO:  Your Honor, Miss…

22  MS. LINDSAY:  Lindsay.

23  ATTY. CAYO:  Lindsay is here as conservator and

24  she can answer to that question.  I have nothing to

25  do with this removal, Your Honor.  My name is not on

26  it.  I wasn't aware of it until yesterday.  So, she

27  can decide if she's going to move forward or not,

1    Your Honor.

2         THE COURT:  That -- Ms. Lindsay is here because

3    there is a notice that is stated, L-01 Heather

4    Lindsay for notice only, proposed intervener, and --

5         ATTY. CAYO:  But she's the conservator over the

6    estate, of Mr. Consiglio's estate, Your Honor.  If,

7    as a conservator, she can make decisions for him.

8    I'm not talking about why she's here; I'm talking

9    about that she is the conservator, as she represented

10   to the Court.  I don't have any evidence of that, but

11   if she is the conservator, Your Honor, she has the

12   right to make decision on his behalf.  I'm not

13   talking about her appearance in the case.  And if I

14   may approach the Court.

15        THE COURT:  No, you may -- you may not, please.

16    You may not.

17        ATTY. CAYO:  Well, let the record reflect --

18        THE COURT:  I have an --

19        ATTY. CAYO:  -- I was showing to the Court --

20        THE COURT:  I have an appearance --

21        ATTY. CAYO:  -- what was --

22        THE COURT:  There is no record reflecting,

23    please.  Let me finish my thought process.  I have an

24    appearance: it says Heather Lindsay, April 28, 2016,

25    and this is an appearance that says for the

26    defendant, Heather Lindsay.  It doesn't say anything

27    about a conservatorship.  There's no -- nothing in

1    the file as a pleading that's been filed by anybody

2    that's a -- that has an appearance as a full party in

3    this case.  If it says anything about a conserve --

4    conservator, that matter is not before the Court and

5    the Court cannot receive over the transom or in-court

6    documents to that effect.  The proper pleadings

7    should be filed if that be the case, but --

8        ATTY. CAYO:  Your -- Your Honor --

9        THE COURT:  Please --

10       ATTY. CAYO:  -- if I may.

11       THE COURT:  Excuse me, please.  This matter has

12   been removed -- if -- to the Federal District Court.

13   It is not appropriate for pleadings to be filed in a

14   matter that's removed.  But I cannot speak as to the

15   federal law, so I don't know whether anyone would be

16   in trouble by filing pleadings in a matter that's

17   been removed from the State Court to the Federal

18   Court and filing pleadings after that removal in the

19   State Court proceedings, whether that is a

20   sanctionable action or not.  Best that no one file

21   pleadings, but if you file pleadings or notices or

22   something of that nature there may be some sanctions

23   that could be imposed either by the Federal Court, or

24   by the State Court, or both.  I have no idea, and

25   I'm --

26       MS. LINDSAY:  I believe --

27       THE COURT:  I'm not aware of -- of that

1    information.  There's --

2         ATTY. CAYO:  Your Honor --

3         THE COURT:  -- nothing -- nothing further is

4    before this Court.  Is there any document that is

5    before this Court that is a pleading in the file that

6    we need to be dealing with now, please?

7         ATTY. CAYO:  Your Honor --

8         ATTY. KNICKERBOCKER:  No, Your Honor.

9         ATTY. CAYO:  As the at --

10        THE COURT:  Is there a document that's in this

11   file that is a pleading that we need to be dealing

12   with now?

13        ATTY. CAYO:  Your Honor, I --

14        THE COURT:  I'm asking whether there is or not.

15   I'm going to ask the next question after that, so

16   this is not the last question.  Hearing none, there's

17   no document before the Court.  Any other matter that

18   needs to be brought to the attention of the Court?

19        ATTY. CAYO:  What I'm --

20        MS. LINDSAY:  May I speak, Your Honor?

21        ATTY. CAYO:  -- bringing to the attention of the

22   Court is I am the attorney for Andrew Consiglio.  I

23   was just handed conservatorship order by the Probate

24   Court appointing Heather Lindsay as a conservator for

25   my client.  She is now my client and she can make

26   decision on behalf of Andrew Consiglio by reason of

27   this court order granting her the appointment of

1   being conservator of Andrew Consiglio.  In that

2   regard, I'm going to ask her to address the Court as

3   the conservator of Andrew Consiglio, not as Heather

4   Lindsay.

5        THE COURT:  Ms. Lindsay, you have an appearance

6   in the file for notice purposes.  The motions that

7   you had filed are not going forward today.  There

8   will be another hearing in the event that the Federal

9   District Court remands it back to the State Court.

10  If it's not remanded back to the State Court, then it

11  is in the Federal District Court that your motions

12  will be heard and decided, and that's a matter beyond

13  my capabilities.  Having an understanding I'm not the

14  Federal Court and I have no influence over the

15  Federal Court, any questions concerning the motions

16  that you had filed for intervention?

17       MS. LINDSAY:  No, Your Honor.  The only thing

18  that I would respectfully let -- put before the Court

19  is you are right in regards to the jurisdiction being

20  removed today.  But, furthermore, I believe it's

21  Federal Rule 18 number four (as spoken), I'd let Your

22  Honor know that this is partially why the case was

23  remanded.

24       THE COURT:  Okay.  Thank you.  Anything further?

25       ATTY. KNICKERBOCKER:  Nothing from the

26  plaintiff, Your Honor.

27       THE COURT:  Okay.  Thank you.  We can --

1    ATTY. CAYO:  Your Honor, I --

2    THE COURT:  Yes.

3    ATTY. CAYO:  I want her to put on the record

4    whether or not she's going forward or she's going to

5    withdraw the -- the removal today.

6    ATTY. KNICKERBOCKER:  Your Honor, as a

7    conservator she has the right to hire an attorney to

8    speak for Mr. Consiglio.

9    ATTY. CAYO:  Hmm.  And she's hired me.

10    ATTY. KNICKERBOCKER:  However, I don't believe

11    that a conservator can speak in court.  It would be

12    placing her in a position of -- of acting as an

13    attorney when she's not a licensed attorney, which I

14    believe is still a felony in this State.

15    ATTY. CAYO:  No --

16    THE COURT:  Yes.

17    ATTY. KNICKERBOCKER:  And I think that what --

18    ATTY. CAYO:  It's --

19    THE COURT:  Thank you.

20    ATTY. KNICKERBOCKER:  -- Mr. Cayo is doing is --

21    THE COURT:  I have a --

22    ATTY. KNICKERBOCKER:  -- egging her on to commit

23    a felony.

24    THE COURT:  I have a -- I have a --

25    ATTY. CAYO:  Please.

26    THE COURT:  Please, I have a notice of removal

27    that has been filed and has been duly stamped

1   yesterday at one thirty-three.  I'm going to speak to

2   the clerk now, and I'm going downstairs for the

3   purpose of seeing to it that that notice of removal

4   is filed as a pleading in this case.  Even though Mr.

5   Consiglio does not have an appearance in this file,

6   he has a right to file in any other proceedings on an

7   individual basis.  The mere fact that he has an

8   attorney doesn't prevent him from acting individually

9   in any other capacity.  There's no other matters

10  pending before this Court --

11       ATTY. CAYO:  Your --

12       THE COURT:  -- and the matter --

13       ATTY. CAYO:  Your --

14       THE COURT:  -- is concluded --

15       ATTY. CAYO:  Your Honor --

16       THE COURT:  The matter -- excuse me.

17       ATTY. CAYO:  Before the matter's --

18       THE COURT:  The matter -- the matter is

19  concluded for the day.  Court is in recess until

20  eleven forty five when we recommence the matter on

21  the record on the J -- JPMorgan versus Holt trial.

22       ATTY. CAYO:  It is never a felony for me to

23  allow the conservator to talk.  All right.  Get it

24  right.

25       ATTY. KNICKERBOCKER:  May I have a copy of the

26  order?

27       MS. LINDSAY:  Yes.  I'll have to make you

1     another copy.

2         THE MONITOR:  Court is in recess.

3         THE COURT:  Thank you.

4      *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Heather Lindsay, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, BENDETT & | ) |
| McHUGH, P.C. ADAM BENDETT, ESQ. | ) |
| JEFFREY KNICKERBOCKER, et. al., | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

Case No._____(___)

VERIFICATION

JURY TRIAL DEMANDED

# AFFIDAVIT
## OF PLAINTIFF HEATHER LINDSAY
### IN SUPPORT OF TITLE 42 U.S.C § 1983 CIVIL RIGHTS COMPLAINT

STATE OF CONNECTICUT                    }
                                        }ss:
COUNTY OF FAIRFIELD                     }

I, Heather Lindsay, the Proper Party Plaintiff in the above entitled Verified
Title 42 U.S.C. § 1983 Civil Rights Complaint, hereby makes the following statement
under the penalty of perjury of the laws of the United States as per 28 U.S.C. § 1746:

I, Heather Lindsay, am fully aware and have personal knowledge of the

statements I have made in my Amended Complaint, and I affirm that those statements

are true and correct to the best of my informed knowledge and belief, and to those

matters for which I have no personal knowledge I believe them to be true.

Date: February 28, 2018.

Respectfully,

_Heather Lindsay_
Heather Lindsay
81 High Clear Drive
Stamford, CT 06905

Sworn to Before Me This
_____ day of February, 2018.

_____
Notary

## CERTIFICATE OF SERVICE

I, Heather Lindsay, hereby certify that I sent a true and correct copy of the

foregoing Title 42 U.S.C. § Complaint on February 28, 2018, via first class United

States Postal Service Mail to the following party(s):

BENDETT & McHUGH, P.C.
270 Farmington Avenue, Suite 151
Farmington, CT 06032

_____
Heather Lindsay