**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HEATHER LINDSAY, ET AL<br>   Plaintiffs | : | CIVIL CASE NO.<br>3:18-CV-355 (JCH) |
| v. | : | |
| BANK OF AMERICA, ET AL<br>   Defendants. | : | JANUARY 17, 2019 |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 39)**

Pending before this court is a Motion to Dismiss (Doc. No. 39), which was filed by defendants, Bank of America, Bendett & McHugh, P.C., and Jeffrey Knickerbocker ("Moving Defendants"), on October 1, 2018. The Notice to Self Represented Litigants, required to be served pursuant to D. Conn. L. Civ. R. 12(a) upon pro se litigants, was docketed and served on October 2, 2018, by the moving defendants. See Notice (Doc. No. 41). On November 7, 2018, the court issued an Order to Show Cause why the court should not grant the defendants' Motion to Dismiss. See Order (Doc. No. 42). The court set a deadline of November 21, 2018, as the date by which to show such cause and noted that failure to do so would likely result in the Motion being granted. Id. On November 20, 2018, plaintiff, Heather Lindsay ("Lindsay"), moved for an extension of time for 30 days to file her opposition. See Motion (Doc. No. 43), which Motion the court granted on November 29, 2018, see Order (Doc. No. 44). That 30-day period expired on December 21, 2018. No opposition has been filed to the Motion to Dismiss as of the current date.

The plaintiffs' Amended Complaint consists essentially of claims that have been raised in a state court foreclosure proceeding. They all implicate the validity of loan

documents, the foreclosure of the subject property, and enforcement of judgments in the foreclosure action.  See Second Amended Complaint (Doc. No. 36).  Also included are claims alleging fraud by Bank of New York and its attorneys in a "fraudulent foreclosure proceeding."  See id. ¶ 19.[1]  Viewing the latest Order from the Connecticut Superior Court of August 6, 2018, in which the Superior Court reset law days after the filing of a bankruptcy petition, the court views this Order as evidence that there is a final judgment of foreclosure.  See Superior Court Case Lookup, FST-CV085006978S, ("Docket Sheet") Entry No. 312.01, available at http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV085006978S [2]

In light of a final judgment in state court, this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to sit, in effect, in appellate review of judicial determinations made in the state court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014) (applying Rooker-Feldman doctrine to claims of fraudulent foreclosure).  Dismissal of this action for lack of subject matter jurisdiction is therefore appropriate.

Moreover, to the extent that the Second Amended Complaint could be liberally read to avoid the Rooker-Feldman bar, the issues raised in the Second Amended Complaint relate to matters concerning the mortgage, the assignment of mortgage, and

---

[1] Defendant Bank of New York was dismissed by Order of this court for failure to prosecute and failure to serve.  See Order (Doc. No. 48).

[2] The court takes judicial notice of the state court electronic-based docketing system.

actions taken in relationship to the note.  Any attempt to proceed by asserting claims in this court concerning such subjects are barred by collateral estoppel.  Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action."  Aetna Cas. & Sur. Co. v. Jones, 220 Conn. 285, 296 (1991).  Mutuality of parties is not required.  Id. at 300.

Plaintiffs, in their Second Amended Complaint, raise claims of fraud, fraudulent foreclosure, forgery of a mortgage assignment, and abuse of process.  See generally Second Am. Compl.  In a 22-page Order on the now-plaintiffs' Motion to Dismiss, entered on January 6, 2017, in the foreclosure proceedings, the Connecticut Superior Court addressed these same claims.  See Order (Doc. No. 39-5) ("Foreclosure Order on Mot. to Dismiss").  The Connecticut court also noted that it conducted a four-day evidentiary hearing on the Motion to Dismiss.  Id. at 5.

Before the Connecticut court, the plaintiffs in this action alleged that the party seeking foreclosure against them had no standing to do so, and that the Connecticut court was therefore without jurisdiction.  Id.  The same argument is now before this court.  Second Am. Compl. ¶¶ 18, 65.  The Connecticut court, in addressing jurisdiction, also reached the argument that the assignment of the mortgage was fraudulent and/or a nullity.  Foreclosure Order on Mot. to Dismiss at 15–20.  Those arguments are also

before this court and form the factual basis, slim as it is, for the plaintiffs' claims of fraud and abuse of process. See Second. Am. Compl. ¶¶ 31, 60, 71, 77, 83, 94. The Connecticut court found these arguments to be lacking, and denied the Motion to Dismiss, noting, as well, that the Motion represented the sixth attack on the Bank's standing to foreclose. Foreclosure Order on Mot. to Dismiss at 22.

Because the issues presented to this court were actually litigated before and resolved by the Connecticut Superior Court, and because the findings made by the state court were essential to the judgment of foreclosure, collateral estoppel bars the plaintiffs from relitigating those issues of fact and law before this court against not only the Bank of New York, but also the three defendants in this case who were not parties to the foreclosure action. See Aetna, 220 Conn at 300.

For at least the above stated reasons, the Motion to Dismiss is granted. Because of the legal basis for dismissal of plaintiffs' Second Amended Complaint, the court does not deem it appropriate to grant the plaintiffs' right to replead.

The Clerk is directed to enter judgment for the moving defendants and close this case.

**SO ORDERED.**

Dated this 17th day of January 2019 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge